UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEITH WILLIAMS, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-4442** |
| | * | |
| **BENEFICIAL ADMINISTRATION** | * | **SECTION "L" (4)** |
| **COMPANY, INC., ET AL.** | * | |

## ORDER & REASONS

Before the Court is the defendant Beneficial Mortgage Company of Louisiana's Rule 12(c) Motion for Judgment on the Pleadings (Rec. Doc. 11).[1] For the following reasons, the defendant's motion is GRANTED and the plaintiffs' claims will be DISMISSED WITH PREJUDICE.

This case arises out of property damage resulting from Hurricane Katrina. Keith and Leslie Williams ("plaintiffs") allege that the hurricane caused flood damage to their property located at 2431 Jourdan Street in New Orleans, Louisiana. The plaintiffs have sued Beneficial, their lender-mortgagee, for breach of contract, breach of fiduciary duty, and negligence. The plaintiffs allege that the defendant has either forced placed a flood insurance policy on the property and failed to provide the plaintiffs with information concerning the policy or failed to

---

[1] The plaintiffs originally sued Beneficial Administration Company, Inc., Beneficial Credit Services, Inc., and Beneficial Louisiana, Inc. The proper defendant, Beneficial Mortgage Company of Louisiana, contends that these three entities were incorrectly named. To the extent that any of these entities were properly named, they are deemed to have joined in the instant motion.

force place a flood insurance policy for the property.  In its answer, the defendant has admitted that it did not purchase flood insurance for the plaintiffs' property.  The defendant now moves for dismissal of this case under Rule 12(c) of the *Federal Rules of Civil Procedure*, arguing that it did not owe the plaintiffs a duty to force-place insurance on their property.

Having reviewed the entire record, including the mortgage contract between the parties, this Court agrees with recent decisions from other Sections of this Court and hereby finds that the defendant in this case did not owe the plaintiffs a duty to force place flood insurance on their property.  *See, e.g., Morris v. Countrywide Home Loans*, No. 06-5472, 2008 WL 638615 (E.D. La. Mar. 5, 2008) ("[T]he fact that [the mortgagee] may obtain forced placed coverage to protect its collateral does not in and of itself impose a legal duty upon [the mortgagee] to procure insurance for Plaintiff's property . . . .").  And while it is true that "the lack of a written contract establishing a fiduciary relationship between the mortgagee and the mortgagor does not absolve [the mortgagee] from its duty of good faith and fair dealing," *Colvon v. Novastar Mortgage, Inc.*, No. 06-10535, 2007 WL 2991818, *2 (E.D. La. Oct. 10, 2007), the Court finds that the plaintiffs in this case have failed to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007).  Accordingly, for the foregoing reasons, IT IS ORDERED that the defendant Beneficial's Rule 12(c) Motion for Judgment on the Pleadings (Rec. Doc. 11) is GRANTED and that the plaintiffs' claims are hereby DISMISSED WITH PREJUDICE in their entirety.  An appropriate judgment will follow.

New Orleans, Louisiana, this 5th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE